1  MONRAE L. ENGLISH, ESQ.
   California State Bar No. 237163
2  WILD, CARTER & TIPTON
   246 West Shaw Avenue
3  Fresno, California 93704
   Telephone: (559)-224-2131
4  Facsimile: (559) 224-8462

5  GARY G. BRANTON, ESQ.
   Nevada State Bar No. 4542
6  BRANTON LAW OFFICE, LLC
   312 S. Jones Blvd.
7  Las Vegas, Nevada 89107
   Telephone: (702) 395-0320
8  Facsimile: (702) 395-1871

9  Attorneys for Defendant,
   Paul Evert's RV Country, Inc.

10

11

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| CARMEN MELONE, | CASE NO. 2:08-cv-868-BES-GWF |
| Plaintiff, | |
| vs. | |
| PAUL EVERT'S RV COUNTRY, INC., | **DEFENDANT'S RESPONSE TO PLAINTIFF'S TRIAL BRIEF** |
| Defendant. | Trial Date: September 1, 2010 |

Defendant, PAUL EVERT'S RV COUNTRY, INC. (hereafter, "PAUL EVERT'S"), by and through its attorneys, Monrae L. English of Wild, Carter & Tipton, and Gary G. Branton of Branton Law Office, LLC, submit the attached Memorandum of Points and Authorities in Response to Plaintiff's Trial Brief.

///
///
///
///
///
///

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.  INTRODUCTION

Jury trial on the initial portion of the above-captioned matter was conducted from July 19, 2010, through July 22, 2010. On July 23, 2010, the jury returned its verdict in favor of Plaintiff, CARMEN MELONE (hereafter, "MELONE") and awarded MELONE $40,000.01 for emotional distress damages. The jury was dismissed on July 23, 2010, and the Court set September 1, 2010, for the continuation of the trial on equitable issues to be decided by the Court.

PAUL EVERT'S filed a Motion for Judgment as a Matter of Law on August 19, 2010. MELONE filed an Opposition to the Motion on September 5, 2010, and PAUL EVERT'S filed a Reply on September 17, 2010. A hearing on PAUL EVERT'S Motion, originally scheduled for September 27, 2010, has been rescheduled for October 7, 2010. The Court indicated it would issue its decision on PAUL EVERT'S Motion and the equitable issues before it following the hearing on the Motion.

MELONE has asked the Court to enter judgment in the amount of $130,041.72 for back pay and $40,000.01 for emotional distress damages for a total award of $140,041.73. For the reasons stated below, PAUL EVERT'S asks the Court to exercise its discretion and award no back pay.[1]

## II.  ARGUMENT

### A.  The Court Has Discretion Not To Grant Back Pay.

The equitable remedy of back pay is not an automatic or mandatory remedy. Albermarle Paper Company v. Moody, 422 U.S. 405, 415 (1975). In Ford Motor Company v. Equal Employment Opportunity Commission, 458 U.S. 219, 226 (1982), the Court said: "while 'the power to award backpay is a discretionary power,'..., a 'court must exercise this power "in light

---

[1] PAUL EVERT'S Motion for Judgment as a Matter of Law argues that the jury's verdict was improper inasmuch as MELONE failed to present evidence that a reasonable jury could rely upon to find in his favor. PAUL EVERT'S incorporates its Motion and Reply, as though fully set forth herein.

of the large objectives of the act,...'" Citing, <u>Albermarle Paper Company v. Moody</u>, 422 U.S. 405, 447.

In the present case, evidence was adduced that MELONE was selling his home in Henderson, Nevada, even before his employment with PAUL EVERT'S was terminated. Moreover, MELONE had studied and tested for his California real estate license while employed at PAUL EVERT'S. MELONE admitted he had accepted work in San Diego selling commercial real estate shortly after his employment with PAUL EVERT'S was terminated.

In <u>Ford Motor Company</u>, *supra*, the Court explained that an unemployed claimant has a statutory duty, pursuant to § 706(g) of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-5(g), to minimize damages from and use reasonable diligence in finding other suitable employment. 458 U.S. at 231. Here, the evidence shows that MELONE failed to use reasonable diligence in finding other suitable employment, and that he voluntarily left a job he had accepted shortly after his employment with PAUL EVERT'S was terminated. Accordingly, the Court will not run afoul of the rule in <u>Ford Motor Company</u> and <u>Albermarle Paper Company</u> by exercising its discretion to refuse to grant back pay to MELONE.

**B.   MELONE Did Not Use Reasonable Diligence to Mitigate His Damages.**

MELONE'S employment with PAUL EVERT'S was terminated on March 16, 2007, for what the Company maintains were legitimate, non-discriminatory reasons.[2] Assuming, *arguendo*, MELONE'S employment was terminated for discriminatory reasons, MELONE had a duty to mitigate any damages incurred as a result of that discriminatory discharge. See, <u>Ford Motor Company</u>, *supra*. In the bench trial held on September 1, 2010, when queried as to whether he was already planning to move to San Diego prior to the time of his discharge, MELONE hedged his response, saying: "[n]ot exactly." (TR 32:17-20).[3] Moreover, MELONE admitted he was offered and accepted a job with a friend in San Diego to sell commercial real estate. (TR 33:6-10). In <u>Brady v. Thurston Motor Lines, Inc.</u>, 753 F.2d 1269, 1277 (4th Cir.

---

[2]   MELONE was an at-will employee whose employment could be terminated with or without notice and with or without reason without legal liability. See Jury Instruction 28.

[3]   Trial transcript from September 1, 2010, bench trial is designated "TR."

1985), the Court said that a claimant forfeits his right to back pay and voluntarily removes himself from the job market when he does not make reasonable and good faith efforts to maintain a job once accepted. Here, there is no evidence that MELONE made reasonable or good faith efforts to maintain the commercial real estate position he was offered and accepted. Accordingly, he has forfeited any right he may have had to an award of back pay.

Contrary to MELONE'S assertion in his Trial Brief (3:9-10), MELONE did find full-time work in San Diego selling commercial real estate. MELONE voluntarily left the commercial real estate job in San Diego and relocated to Portland, Oregon. (TR 15:7-8). MELONE failed to explain why he voluntarily left a commercial real estate sales job that he had trained for and was licensed to perform.

MELONE testified that he incurred moving expenses of $7,500 for the moves to San Diego and then to Portland. (TR 15:9-11). However, he presented no documentary evidence of any moving expenses, and the Court should not consider such self-serving, uncorroborated testimony.

MELONE testified that he sought other employment following the termination of employment from PAUL EVERT'S in order to qualify for unemployment benefits. (TR 13:9-11; Plaintiff's Exhibit 27). However, Exhibit 27, a log of efforts MELONE made to seek other employment prepared by MELONE, himself, shows no entries after August 9, 2007. There is no evidence, other than MELONE'S self-serving testimony, that MELONE did, indeed, continue looking for work after that date.

In Johnson v. Spencer Press of Maine, Inc., 364 F.3d 368, 379 (1st Cir. 2004), the Court said: "…awards of back pay are offset by any wages that could have been earned with reasonable diligence after the illegal discharge, regardless of whether they were actually earned." The Court further explained that a failure to mitigate damages can include "not looking for new employment," and "finding new employment but voluntarily quitting." Id. [Citations omitted].

Except for the period between the date of termination of employment and the acceptance of work in commercial real estate, MELONE is not entitled to an award of back pay. He failed

to mitigate his damages by voluntarily leaving a job he was qualified to perform and failing to establish that he had continued to look for work after August 9, 2007.

### C. MELONE'S Calculations for Back Pay Are Improper and Unreliable.

MELONE asserts that his average weekly income for the years 2003 through 2007 was $104,265.53. However, his calculations include significant pay that he received from sources other than PAUL EVERT'S, and cannot be used to assess liability, if any, against PAUL EVERT'S. MELONE improperly claims that income earned from sources other than PAUL EVERT'S should be included in the calculations of liability. However, MELONE provides no authority for such an assertion. Further,

MELONE admitted he earned income from other sources during 2003 through 2006. (TR 21:13 – 27:10). MELONE'S Exhibits 31 and 32 were unreadable, and, thus, no help in establishing the amount of income earned from PAUL EVERT'S or from other sources, or whether there was income earned from PAUL EVERT'S at all. (TR 22:3 – 23:18). Any amounts used to establish MELONE'S "average" income from those Exhibits is speculative, at best, and totally improper if such "average" annual income includes income earned from other sources.

MELONE'S calculations for back pay are unreliable and inaccurate. It would be inequitable to assess back pay damages against PAUL EVERT'S based on the testimony and exhibits provided by MELONE.

## III. CONCLUSION

The Court should exercise its discretion not to award back pay damages, particularly where, as here, MELONE failed to mitigate his damages by voluntarily leaving a job as a commercial real estate salesman and failed to establish that he continued to look for work after August 9, 2007. Moreover, even if an award of back pay damages is made, the Court should not rely on the calculations submitted by MELONE where there is an absence of documentary evidence to support such damages and where MELONE'S calculations include income earned from sources other than PAUL EVERT'S.

///

1  For the reasons stated, the Court should refuse to award back pay damages to MELONE.

2  Dated: September 24, 2010          Respectfully submitted,

BY: /s/ Gary G. Branton

MONRAE L. ENGLISH, ESQ.
WILD, CARTER & TIPTON
246 West Shaw Avenue
Fresno, California 93704
(559) 224-2131

GARY G. BRANTON, ESQ.
BRANTON LAW OFFICE, LLC
312 S. Jones Blvd.
Las Vegas, Nevada 89107
(702) 395-0320

Attorneys for Defendant,
Paul Evert's RV Country, Inc.

**CERTIFICATE OF ELECTRONIC SERVICE**

I, Rhonda DeFoor, hereby certify that on the 24th day of September, 2010, the foregoing document entitled **DEFENDANT'S RESPONSE TO PLAINTIFF'S TRIAL BRIEF** was served electronically on the following:

Michael P. Balaban, Esq.
LAW OFFICES OF MICHAEL P. BALABAN
10726 Del Rudini Street
Las Vegas, Nevada 89141

Monrae L. English, Esq.
WILD, CARTER & TIPTON
246 West Shaw Avenue
Fresno, California 93704

/s/ Rhonda DeFoor
An Employee of Branton Law Office, LLC